NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **ORDER** |
| v. | Crim. No. 09-352 (WHW) |
| BARTOLO PEREZ, | |
| Defendant. | |

**Walls, Senior District Judge**

Defendant Bartolo Perez is charged with illegal reentry of an alien in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Perez was deported from the United States on April 4, 2007; he reentered the United States without authorization on January 24, 2009, at which time he was arrested and, on May 11, 2009, indicted. On February 21, 2010, Perez moved to dismiss the indictment, asserting that the underlying deportation proceedings were constitutionally flawed due to ineffective assistance of counsel.

### FACTUAL AND PROCEDURAL BACKGROUND

Perez, a Dominican Republic citizen, was admitted to the United States as a lawful resident on August 1, 1981. In 1985, Perez travelled to the Dominican Republic to visit his mother, who had suffered a heart attack. On returning to New York, on June 11, 1985, he was arrested for importing cocaine. He plead guilty to a charge of possession and importation of cocaine hydrochloride, pursuant to 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2), on August 30,

1

**NOT FOR PUBLICATION**

1985. The United States District Court for the Eastern District of New York sentenced him to thirty months imprisonment, of which he served twenty-two months.

Perez was charged with being deportable under § 241 of the Immigration and Nationality Act; deportation proceedings started on April 22, 1987. At a November 18, 1987 hearing, Perez conceded that he was deportable but asked to present an argument to waive his deportation under § 212(c) of the Immigration and Nationality Act. See 8 U.S.C. § 1182(c) (1995), *repealed by* Illegal Immigrant Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, Div. C, Title III, § 304(b), 110 Stat. 3009-597 (1996).[1] The immigration judge granted him a two week extension, but on December 3, 1987, Perez's counsel acknowledged that Perez was not yet eligible for the § 212(c) waiver because he had failed to meet the requirement of maintaining an unrelinquished domicile in the United States for seven consecutive years. The following day, the immigration judge denied the § 212(c) waiver and ordered deportation.

Perez's counsel, on December 18, 1987, filed an appeal to the Board of Immigration Appeals, but failed to file a supporting brief. The Board of Immigration Appeals dismissed the appeal on October 15, 1990, affirming the decision of the immigration judge and noting that Perez had not filed a brief in support of his appeal, a motion for remand, or a renewed application for relief under § 212(c) even after a notice was sent on July 9, 1990. Perez did not appear for deportation.

Sixteen years later, Perez was apprehended near Boston, Massachusetts. He was deported on April 4, 2007. On January 24, 2009, Perez reentered the United States from the Dominican Republic via Newark International Airport, New Jersey. He was charged with

---

[1] Before its repeal, Section 212(c) read: "Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." Rabiu v. I.N.S., 41 F.3d 879, 883 (2d Cir. 1994) (citing 8 U.S.C. § 1182(c)).

**NOT FOR PUBLICATION**

violating 8 U.S.C. §§ 1326(a) and (b)(2), and he filed the present motion to dismiss on February 21, 2010.

## LEGAL STANDARD

Motions to dismiss are governed by Federal Rule of Criminal Procedure 12. This Rule permits pretrial consideration of "any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Such includes motions "alleging a defect in the indictment or information." Fed. R. Crim. P. 12(b)(3)(B). A 12(b) motion to dismiss is a proper vehicle for collaterally attacking deportation hearings where a defendant is later charged with illegal reentry. See United States v. Mendoza-Lopez, 481 U.S. 828, 838-39, 842 (1987); United States v. Charleswell, 456 F.3d 347 (3d Cir. 2006); United States v. McCalla, 821 F. Supp. 363, 370 (E.D. Pa. 1993) ("Defendant wishes to attack collaterally the validity of his underlying deportation on due process grounds, but such a defense to the allegation that he was deported should have been raised as a pretrial motion to dismiss the indictment . . . .").

In evaluating a motion to dismiss, district courts accept as true the factual allegations in the indictment. United States v. Besmajian, 910 F.2d 1153, 1154 (3rd Cir. 1990) (citing Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952)). In resolving pretrial motions, the moving party's burden of proof is a preponderance of the believable evidence, not evidence beyond a reasonable doubt. United States v. Tucker, 495 F. Supp. 607, 613 (E.D.N.Y. 1980).

The United States District Court for the District of New Jersey Local Criminal Rule 12.1 articulates the time limits for making motions under Federal Rule 12. Such motions "shall be made before pleading or within 30 days thereafter unless the Court at the time of arraignment on application of counsel otherwise specifies, or unless good cause is shown." D.N.J. Crim. R. 12.1. The pleadings in a criminal proceeding are the indictment, the information, and the pleas

**NOT FOR PUBLICATION**

of not guilty, guilty, and nolo contendere. Fed. R. Crim. P. 12(a). In this case, an Order for Discovery conforms to the local rule's time requirements: "[m]otions regarding defenses or objections permitted pursuant to Rules 12 and 41(e) . . . shall be made within thirty (30) days from [June 3, 2009] unless good cause for delay is shown." (Order for Discovery ¶ 10, June 3, 2009.)

## DISCUSSION

Perez submitted his motion to dismiss papers well past thirty days from the time of pleading. For this reason, Perez must establish that there was good cause for the delay. Perez makes no explicit argument for good cause in his briefing. He simply states that he moves to dismiss based on ineffective assistance of counsel, which caused the deportation proceedings to be "constitutionally flawed." (Def.'s Br. in Supp. of Mot. to Dismiss 1 ("Def.'s Br.").) While it is worth noting that Perez was appointed new counsel on January 25, 2010, and she submitted the moving papers within thirty days of her appointment, this motion to dismiss is not procedurally proper because of Perez's failure to prove that he had good cause for the delay. Even if the motion to dismiss were procedurally adequate, it would still fail on the merits.

According to 8 U.S.C. § 1326, any alien "shall be fined . . . or imprisoned not more than 2 years, or both," if (1) he has been deported, and (2) thereafter enters the United States. See 8 U.S.C. § 1326(a) (2006). The Supreme Court recognizes that an underlying deportation order can be challenged in an illegal reentry proceeding to ensure due process where the deportation proceeding "effectively eliminates the right of the alien to obtain judicial review" of the deportation order. See Mendoza-Lopez, 481 U.S. at 838. This holding was codified in 8 U.S.C. § 1326(d), which states that in an illegal reentry proceeding, an alien may challenge an underlying deportation order by demonstrating that:

NOT FOR PUBLICATION

> (1) [T]he alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).  The defendant must establish all three elements, United States v. Torres, 383 F.3d 92, 99 (3d Cir. 2004), and the burden of proof is on the defendant.  Richardson v. United States, 558 F.3d 216, 223 (3d Cir. 2009).

**1. Did Perez Exhaust Administrative Remedies?**

The government does not contest that Perez has exhausted all administrative remedies that may have been available to him for obtaining relief from the deportation order.

**2. Did the Underlying Deportation Proceedings Deprive Perez of the Opportunity for Judicial Review?**

The Supreme Court in Mendoza-Lopez held that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding."  481 U.S. at 837-38.  The Mendoza-Lopez Court did not enumerate what errors can deprive an alien of meaningful review.  See id. at 839 n.17.  The Third Circuit has found that an alien was deprived of the opportunity for judicial review when the alien was not notified in his underlying deportation proceeding of his right to a direct appeal and when an immigration judge failed to notify counsel that the alien would face removal proceedings.  See United States v. Charleswell, 456 F.3d 347, 357 (3d Cir. 2006); Richardson, 558 F.3d at 224.  The Second Circuit has held that an alien may be deprived of the opportunity for judicial review when he can demonstrate that counsel's failure to file a § 212(c) application on the alien's behalf prejudiced the alien, as Perez charges here.  United States v. Perez, 330 F.3d 97, 101 (2d Cir. 2003) (citing Rabiu v. I.N.S., 41 F.3d 879, 883 (2d Cir. 1994)).

**NOT FOR PUBLICATION**

Perez argues that ineffective assistance of counsel in his deportation proceeding deprived him of the opportunity for judicial review. (Def.'s Br. 12-13.) While the Sixth Amendment does not guarantee effective counsel for immigration proceedings, see Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001), ineffective assistance of counsel is actionable as violating Fifth Amendment due process rights "if an alien is prevented from reasonably presenting his case." Rranci v. Att'y Gen., 540 F.3d 165, 175 (3d Cir. 2008) (citing Xu Yong Lu, 259 F.3d at 131). The Third Circuit uses a two-part test to assess whether ineffective assistance of counsel violated Fifth Amendment due process rights: "(1) whether competent counsel would have acted otherwise, and, if yes, (2) whether the alien was prejudiced by counsel's poor performance." Rranci, 540 F.3d at 175 (citing Fadiga v. Att'y Gen., 488 F.3d 142, 157 (3d Cir. 2007)).

Perez argues that his counsel was ineffective because competent counsel would have refiled a § 212(c) application and submitted a brief for the appeal, and his counsel's failure to do these things prejudiced him. (Def.'s Br. 12-13.) Perez's counsel filed a § 212(c) application in the initial deportation hearing, which was heard on the merits and denied because Perez was, at that time, ineligible for relief under § 212(c). The § 212(c) application could have been refiled during the appeal with the Board of Immigration Appeals, since Perez had become eligible by that time.

It will not be necessary to determine whether competent counsel would have refiled a § 212(c) application because Perez has failed to establish that he was prejudiced by counsel's failure to refile the application, which is the second element of the ineffective assistance of counsel test. Perez must show that there was a "reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." United States v. Charleswell, 456 F.3d 347, 362 (3d Cir. 2006). The question, then, is whether there was a reasonable likelihood that the IJ

**NOT FOR PUBLICATION**

would have granted Perez's § 212(c) application, had it been refiled when Perez was eligible for relief – that is, after Perez had been in the United States for seven consecutive years.

The Third Circuit has held that aliens, in deportation proceedings, have no due process rights with respect to discretionary relief, such as the "mere hope" created by § 212(c). United States v. Torres, 383 F.3d 92, 104-05 (3d Cir. 2004) ("Even if [the defendant] had presented a most sympathetic and compelling case for granting section 212(c) relief, nothing would have required the [immigration judge] to actually grant that relief."). Because the relief provided for by § 212(c) is discretionary, Perez has no due process rights with respect to § 212(c) relief.

Moreover, Perez has not presented a "most sympathetic and compelling" case for § 212(c) relief. Torres, 383 F.3d at 104-05. The Board of Immigration Appeals has developed a balancing test that the Third Circuit endorses:

> Favorable considerations have been found to include such factors as family ties within the United States, residence of long duration in this country (especially when the inception of residence occurred at a young age), evidence of hardship to the respondent and her family if deportation occurs, service in this country's armed forces, a history of employment, the existence of property or business ties, evidence of value and service to the community, proof of genuine rehabilitation if a criminal record exists, and other evidence attesting to a respondent's good character.
>
> Among the factors deemed adverse to an alien are the nature of underlying circumstances of the exclusion ground at issue, the presence of additional significant violations of this country's immigration laws, the existence of a criminal record, and, if so, its nature, recency, and seriousness, and the presence of other evidence indicative of a respondent's bad character or undesirability as a permanent resident of this country.

Tipu v. I.N.S., 20 F.3d 580, 583 (3d Cir. 1994) (quoting In re Marin, 16 I. & N. Dec. 581, 584 (B.I.A. 1978)). Establishing even one of the adverse considerations may preclude § 212(c) relief. Tipu, 20 F.3d at 583 (citing In re Buscemi, 19 I. & N. Dec. 628, 633 (B.I.A. 1988)). The Third Circuit, moreover, has observed that "an alien who has been convicted of a serious drug

**NOT FOR PUBLICATION**

offense will usually be required to make a showing of unusual or outstanding equities in their favor in order to be considered for § 212(c) relief." Tipu, 20 F.3d at 583.

Because the adverse factors outweigh the favorable ones, Perez is unable to show a reasonable likelihood that his § 212(c) application would have been granted, had it been refiled. Although Perez has family ties and a strong history of employment, his conviction for drug trafficking is particularly adverse. Smuggling cocaine is a serious drug offense that endangers the general public. Also, there is no indication that Perez's family would suffer extreme hardship in the event of Perez's deportation. That Perez has two children who are U.S. citizens does not suffice. See e.g., Jian Nan Jin v. Att'y Gen., No. 09-3615, 2010 WL 2180613 (3d Cir. June 2, 2010). Even though Perez has resided in the United States for a long time, he was in prison for twenty-two months before he became eligible for § 212(c) relief and had a valid deportation order against him for sixteen years after his appeal was denied. Given this, Perez has failed to make the required showing of "unusual or outstanding" equities in his favor. Tipu, 20 F.3d at 583.

Because Perez has not shown that his counsel's mistakes rose to the level of ineffective assistance violating his Fifth Amendment due process rights, Perez is unable to establish that his deportation proceedings deprived him of the opportunity for judicial review.

### 3. Was The Deportation Order Fundamentally Unfair?

The Third Circuit established a two-part test to determine fundamental unfairness: the alien must show (1) "a fundamental defect in the proceeding" and (2) that "the defect caused him prejudice." Richardson v. United States, 558 F.3d 216, 224 (3d Cir. 2009). The first prong requires a due process violation with respect to either a substantive liberty or property right or a procedural defect. See United States v. Charleswell, 456 F.3d 347, 359-60 (3d Cir. 2006). To

**NOT FOR PUBLICATION**

satisfy the second prong, Perez must show that there was a "reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." Id., at 362.

Perez argues that there were two violations of due process that rendered his deportation proceedings fundamentally unfair. The first alleged violation is the failure of the Board of Immigration Appeals and immigration judge to "consider the merits of Mr. Perez's § 212(c) application." (Def.'s Br. 12-13.) However, the Third Circuit has held that there is "no fundamental unfairness in failing to consider an alien for 212(c) relief." United States v. Torres, 383 F.3d 92, 106 (3d Cir. 2004). The second alleged violation is ineffective assistance of counsel from "his attorney's egregious failure to either properly raise the § 212(c) issue on appeal or move to reopen the immigration proceedings." (Def.'s Br. 16-17.) Ineffective assistance of counsel can amount to the violation of Fifth Amendment due process rights if the defendant can prove "competent counsel would have acted otherwise" and "the alien was prejudiced by counsel's poor performance." Rranci v. Att'y Gen., 540 F.3d 165, 175 (3d Cir. 2008) (citing Fadiga v. Att'y Gen., 488 F.3d 142, 157 (3d Cir. 2007)). As said earlier, Perez has not demonstrated that his attorney's errors prejudiced him because he cannot show that but for the alleged ineffective assistance of counsel, the immigration judge would have granted his § 212(c) application. It follows then that Perez cannot establish that the underlying deportation proceedings were fundamentally unfair.

**NOT FOR PUBLICATION**

## CONCLUSION

Because Perez fails to meet his burden under 8 U.S.C. § 1326(d), he cannot collaterally attack his underlying deportation proceedings.

IT IS on this 28th day of July, 2010,

ORDERED that defendant Bartolo Perez's Motion to Dismiss is DENIED.


<u>s/ William H. Walls</u>
United States Senior District Judge